IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terrence Bennett, ) | |
| ) | C/A No. 2:10-762-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Georgetown County Detention; ) | |
| Mr. Baker; Mr. Pierson; Director Lane ) | |
| Cribb; Major Martin; Captain Ms. ) | |
| Wineglass, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Terrence Bennett is an inmate in the custody of the South Carolina Department of Corrections (SCDC) who currently is housed at Evans Correctional Institution in Bennettsville, South Carolina. Prior to SCDC custody, Plaintiff was detained at the Georgetown County Detention Center (GCDC)[1] in Georgetown, South Carolina and at Kirkland Correctional Institution (KCI) in Columbia, South Carolina. Defendants Cribb, Martin, and Wineglass are law enforcement officers with GCDC. Defendants Baker and Pierson are law enforcement officers with SCDC. Plaintiff, proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 on March 25, 2010. Plaintiff alleges that he was subjected to unconstitutional conditions of confinement at GCDC because maggots were in the drain of his sink and he contracted a staph infection as a result. Plaintiff also contends that his mail had been tampered with at KCI.

This matter is before the court on motion for summary judgment filed by Defendants Cribb, Martin, and Wineglass on July 19, 2010. Plaintiff filed a response in opposition to the motion on

---

[1] GCDC was summarily dismissed as a Defendant by order filed June 10, 2010.

July 22, 2010.[2] Also before the court is motion for summary judgment filed by Defendants Baker and Pierson on August 16, 2010. By order filed August 20, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the consequences of failing to respond adequately. Plaintiff elected not to respond. By order filed September 29, 2010, Plaintiff was directed to file a response to Defendants Baker and Pierson's motion for summary judgment within ten days. Plaintiff filed no response despite the additional time granted in the September 29, 2010 order.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On November 4, 2010, the Magistrate Judge issued a Report and Recommendation in which he rejected Defendants' contention that they had met their burden of establishing Plaintiff had failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). The Magistrate Judge therefore addressed Plaintiff's claims on the merits. The Magistrate Judge recommended that Defendants' motions for summary judgment be granted. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on December 6, 2010 and February 11, 2011. The submissions on December 6, 2010 and February 11, 2011 are virtually identical.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

---

[2] No order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued subsequent to the filing of the motion for summary judgment on July 19, 2010. However, on May 14, 2010 Plaintiff was advised pursuant to Roseboro of the applicable procedures with respect to a motion to dismiss filed on May 12, 2010. Further, as noted hereinabove, Plaintiff filed a response in opposition to Defendants Cribb, Martin, and Wineglass's motion for summary judgment. See Magano v. Vassar, 848 F.2d 185 (4th Cir. 1988) (unpublished) (failure to issue Roseboro order harmless when the plaintiff filed a lengthy opposition to the defendants' motion for summary judgment).

2

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

A.   Defendant Cribb

Defendant Cribb was Sheriff of Georgetown County at the time of the underlying event at GCDC. The Magistrate Judge discerned no evidence in the record to support a finding that this Defendant was aware of the allegedly unconstitutional conditions at the GCDC such that he could be held personally liable for the deprivation of a constitutional right. Report and Recommendation 10 (quoting Zentmyer v. Kendall County, 220 F.3d 805, 811 (7th Cir. 2000). The Magistrate Judge further noted that the mere fact that Defendant Cribb holds his position as sheriff is not sufficient to sustain a viable supervisory liability claim against him. Id. (citing Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994)). The Magistrate Judge concluded that Defendant Cribb is entitled to judgment as a matter of law.

Plaintiff did not object to the Magistrate Judge's recommendation regarding Defendant Cribb. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). The court discerns no clear error on the face of the record and therefore accepts the

recommendation of the Magistrate Judge as to Defendant Cribb.

B.   Defendant Martin

Defendant Martin was the Deputy Administrator of the GCDC at the time Plaintiff was detained there.[3] According to Defendant Martin, Plaintiff filed a step one grievance concerning unsanitary conditions with regard to maggots in his sink drain. As a consequence, the maintenance department responded by treating the problem by pouring acid down the drain. The Magistrate Judge noted that Plaintiff appeared to be satisfied with the remedy because he did not appeal the grievance. Further, the Magistrate Judge determined that the facts alleged by Plaintiff did not arise to the level of the deprivation of a constitutional right by a person acting under color of state law. Report and Recommendation 12. The Magistrate Judge observed that, to state a constitutional claim, Plaintiff was required to establish that Defendant Martin acted with an indifference as would offend evolving standards of decency. Id. at 13 (quoting Estelle v. Gamble, 429 U.S. 97 (1976)). In addition, Plaintiff would need to produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions. Id. at 14 (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993)). In this case, Plaintiff alleged that the staph infection he suffered was caused by the maggots in his sink drain. However, an affidavit of Dr. Thomas Moore reported that, based upon his medical experience and knowledge, staph infection is not caused by maggots or worms. The Magistrate Judge concluded that Plaintiff's claims against Defendant Martin should fail.

In his objections, Plaintiff contends that the Magistrate Judge erred in failing to recognize the wrongdoing of Defendant Martin. Plaintiff contends that being placed in an unsanitary cell has

---

[3] Defendant's real name is "Morton," not "Martin." However, for the sake of consistency the court will refer to this Defendant by the name utilized in the caption, i.e., "Martin."

caused him to suffer mentally and he still sees worms when he looks into a sink. Objections to Report and Recommendation 7.

A district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, the court has reviewed the record and concurs in the recommendation of the Magistrate Judge. Plaintiff must (1) establish that prison officials acted with deliberate indifference and (2) prove extreme deprivations of basic human needs or serious or significant pain or injury in order to demonstrate unconstitutional conditions of confinement. Smith v. Ozmint, 578 F.3d 246, 254 (4th Cir. 2009) (quoting Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996)). In this case, Defendant Martin took corrective steps to deal with the maggots in Plaintiff's sink drain; accordingly, she did not act with deliberate indifference. Moreover, the record does not support a finding that Plaintiff was subjected to extreme deprivations of basic human needs or that he experienced significant pain or injury. Plaintiff's objections are without merit.

C.  Defendant Wineglass

The Magistrate Judge noted that Plaintiff had failed to make any allegations with respect to Defendant Wineglass except to mention her name in the caption and in a general list of defendants toward the end of the complaint. The Magistrate Judge found no allegations that Defendant Wineglass had acted personally with regard to any of the allegations of the complaint, except perhaps that she was told about Plaintiff's problems with the sink drain. Report and Recommendation 15. The Magistrate Judge determined that the claims against Defendant Wineglass should fail for the same reasons as the claims against Defendant Martin should fail.

5

In his objections, Plaintiff asserts that the Magistrate Judge erred in failing to recognize the wrongdoing of Defendant Wineglass and the fact that she was aware of the unsanitary nature of his sink drain. For the reasons stated in regard to Defendant Martin, Plaintiff's objections are without merit.

D.    Defendants Baker and Pierson

At the time of the underlying events, Defendant Baker was an SCDC Postal Director. He avers that on or about June 30, 2009, he received incoming correspondence from Annie D. Bennett, Plaintiff's mother. He believed questionable material was in the envelope. In accordance with SCDC procedures, he forwarded the letter to the Security Threat Group (STG) unit for review. Affidavit of William Baker. Defendant Pierson is an Investigator for the SCDC Division of Investigations and Security, which includes the STG unit.[4]

In his complaint, Plaintiff alleged that the letter from his mother was sent to STG without valid reason and in violation of his constitutional rights. However, subsequent to receiving the Report and Recommendation, Plaintiff informed the court that he realized that Defendants Baker and Pierson should be dismissed from the lawsuit because SCDC policy "authorizes mailroom employees to open and inspect incoming mail unless on the outside of the envelope there is a[n] indication that the mail is coming from an attorney, court, judge, or with a law firm's return address." Letter to court filed December 2, 2010.

## CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference.

---

[4] Defendant Pierson's name correctly is spelled "Pearson." The court will use the spelling "Pierson" to conform with the caption.

For the reasons stated herein and in the Report and Recommendation, Defendants' motions for summary judgment (ECF Nos. 40, 60) are **granted** and the case dismissed, with prejudice. All other outstanding motions (ECF Nos. 44, 46, 51, 52, 53, 57, 73) are **denied as moot**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

February 22, 2011.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**